# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AXA CORPORATE SOLUTIONS ASSURANCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 12 C 8603 |
| HOFF & HERRAN and ONALA AVIATION, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

AXA Corporate Solutions Assurance, an insurance company, has filed this interpleader action, contending that it is exposed to the potential for multiple liability due to competing claims by Hoff & Herran, a law firm, and Onala Aviation, LLC, AXA's insured, over proceeds of a settlement between Onala and AXA. AXA has moved to invalidate an attorney's lien served by Hoff & Herran.

On August 21, 2012, Hoff & Herran sent a notice of attorney's lien by regular mail, e-mail, and facsimile to an attorney at the New York law firm Cozen O'Connor, which was representing AXA at the time. The notice was addressed to "AXA Insurance Company." It stated that Hoff & Herran's clients, which included Onala and an entity called Convergence Aviation Limited, had placed with the law firm for collection "a certain suit, claim, demand or cause of action against you growing out of an engine failure of an aircraft . . . on January 8, 2008, which resulted in an emergency landing in

Bowling Green, Kentucky." Mot. to Invalidate, Ex. A. The notice specifically referenced a lawsuit pending in this district, Case No. 10 CV 3012. It stated that Hoff & Herran's clients had entered into a contract to pay the law firm compensation for prosecution of the claim and that "by virtue of the attorneys lien law, 770 ILCS 5/1 *et seq.*, Hoff & Herran claims a lien to the extent of its interest as above set forth in said claim, demand, suit or cause of action," attaching to any verdict or judgment entered in the referenced lawsuit or to anything recovered on account of the claim after service of the notice.

At the time Hoff & Herran sent the lien notice, the firm had a motion to withdraw as counsel pending before the court in Case No. 10 CV 3012. This resulted from a billing dispute that had arisen months earlier. The judge presiding over the case granted Hoff & Herran's motion to withdraw the day after the firm sent its lien notice.

On October 12, 2012, AXA, Onala, and Convergence executed a settlement agreement in connection with a liability insurance policy for the aircraft that AXA had issued to CAL. The settlement agreement provided for that payment of a sum of money from AXA to Onala and Convergence. It also provided that a portion of the proceeds would be set aside and that AXA would deposit that amount into court in connection with an interpleader action. AXA filed the present interpleader action a few days later.

AXA has moved to invalidate Hoff & Herran's attorney's lien. It argues that the lien is invalid because the notice was not served upon the party against whom the law firm's clients had their claims, but rather was served upon the party's attorney; it was not served during the existence of an attorney-client relationship between Hoff & Herran and Onala / Convergence due to the pendency of the firm's motion to withdraw; and the

2

lien notice stated that it attached only to amounts recovered on account of the claim in Case No. 10 C 3012, to which AXA was not a party, and as a result the lien did not attach to the funds that AXA paid to Onala and Convergence.

The Illinois Attorney's Lien Act provides, in relevant part, as follows:

> Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses. . . .
>
> To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action. Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than 5 days' notice to the adverse party, adjudicate the rights of the parties and enforce the lien.

770 ILCS 5/1.

Because "the attorney's lien is a creature of statute, the Act must be strictly construed, both as to establishing the lien and as to the right of action for its enforcement." *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 95, 759 N.E.2d 906, 911 (2001). "Attorneys who do not strictly comply with the Act have no lien rights." *Id.*

Courts construing the Attorney's Lien Act have consistently concluded that service of a notice of attorney's lien upon a party's attorney, rather than upon the party itself, is insufficient. *See Am. Nat'l Bank & Trust Co. of Chi. v. Alps Elec. Co.*, No. 99 C 6990, 2004 WL 783156, at *2 (N.D. Ill. Jan. 15, 2004); *In re Del Grosso*, 111 B.R. 178,

182 (Bankr. N.D. Ill. 1990); *Cazalet v. Cazalet*, 322 Ill. App. 105, 107, 54 N.E.2d 61, 63 (1944) ("[The attorney's lien] did not exist at common law but is purely a creature of the statute which must be strictly followed in order to establish the lien and right of action against the defendant for the enforcement thereof."). *See Regas, Frezados & Dallas LLP v. FDIC*, No. 10 C 3420, 2012 WL 2905768, at *10 (N.D. Ill. July 16, 2012) (Kennelly, J). It is undisputed that Hoff & Herran served its lien on a law firm representing AXA, not on the entity itself.

Hoff & Herran argues that the notice was adequate under the circumstances. AXA Corporate Solutions Assurance is domiciled in France and evidently does not maintain offices or personnel in the United States. Hoff & Herran contends that the U.S. Postal Service does not offer certified mail to an overseas address and that the Court should not read the Attorney's Lien Act in a way that would leave the firm without a remedy. The problem with Hoff & Herran's argument is that the Act does not require service by certified mail it permits service of a lien by certified *or registered* mail. The U.S. Postal Service offers international registered mail service. *See* AXA's Reply, Ex. A. Thus Hoff & Herran did not lack the means to comply with the Act's requirements.

Hoff & Herran also argues that substantial compliance is sufficient and that AXA received actual notice of the lien. All of the cases that Hoff & Herran for the proposition that substantial compliance is sufficient, however, are cases involving other types of liens, not attorney's liens. As indicated earlier, the Illinois Supreme Court has made it clear that strict compliance with the Attorney's Lien Act is required in order for an attorney to have a valid lien.

Because Hoff & Herran did not comply with the requirements of the Attorney's Lien Act by mailing its notice of lien to AXA, its lien is invalid.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion to invalidate defendant Hoff & Herran's attorney's lien [dkt. no. 20]. The case remains set for a status hearing today at 9:30 a.m. for the purpose of determining how to proceed in light of this ruling.

_____  
MATTHEW F. KENNELLY  
United States District Judge

Date: March 19, 2013